KENNETH CANFIELD, Individually and as President of Rock Drilling, etc., Local Union No. 17, et al., Respondents, *v.* JOSEPH V. MORESCHI, Individually and as President of International Hod Carriers', Building and Common Laborers' Union of America, et al., Defendants, and JAMES BOVE, Individually and ·as Vice-President of International Hod Carriers', Building and Common Laborers' Union of America, et al., Appellants.

Argued April 12, 1945; decided October 25, 1945.

*Edmond B. Butler, Raymond D. O'Connell, Edward T. Gallo-
way, John M. Cashin* and *Arthur B. Ewig* for International
Hod Carriers', Building and Common Laborers' Union ·of
America, appellant. I. The judgment finding the International
guilty of a conspiracy has no foundation in fact, was not sup-
ported by any evidence and is predicated on reversible errors
of the trial court. (*Matter of Goebel,* 263 App. Div. 516;

*Wright* v. *Delafield,* 25 N. Y. 266; *Southwick* v. *First Nat'l. Bank of Memphis,* 84 N. Y. 420; *McNeil* v. *Cobb,* 186 App. Div. 177, 230 N. Y. 536.) II. The court erred in its findings of a conspiracy prior to March 6, 1942, because of the uncontradicted evidence of the termination of the conspiracy. III. In the complaint plaintiffs pleaded that the conspiracy had come to an end by March 6, 1942. (*Cuppy* v. *Ward,* 187 App. Div. 625, 227 N. Y. 603.) IV. The court erred in receiving in evidence testimony as to what defendant Bove said and did, and using same as the basis for judgment in this case without any evidence being offered to establish the authority of Bove to bind the International. (*Bussing* v. *Lowell Film Productions, Inc.,* 233 App. Div. 493, 259 N. Y. 593; *Wells* v. *Chaffee,* 207 App. Div. 467.) V. The court erred in holding that, assuming Moreschi and Bove had done illegal and unlawful acts, that, by virtue of their office, the International was bound by their acts. (*Gervin* v. *N. Y. C. & H. R. R. R. Co.,* 166 N. Y. 289; *Anderson* v. *Metropolitan Life Ins. Co.,* 128 Misc. 144, 220 App. Div. 779.) VI. The court erred in considering the dishonesty of defendant Nuzzo as a responsibility of the International and in using it as a basis for calling it a conspirator. VII. The court erred in receiving into evidence the indictment and conviction of Nuzzo and using it against the International although allegedly receiving it only against Nuzzo. VIII. The judgment even as modified is too broad and indefinite. (*Little* v. *Gallus,* 39 App. Div. 646; *Earl* v. *Brewer,* 248 App. Div. 314.)

*Moses Polakoff* for James Bove, individually and as vice-president of International Hod Carriers', Building and Common Laborers' Union of America, appellant. There was no evidence to substantiate the charge against Bove of an illegal intention or an illegal act directed against Local 17 or its members and there is no proof that any act of Bove's damaged Local 17 or its members.

*Hyman N. Glickstein, Charles De La Vergne* and *Francis Martocci* for respondents. I. The judgment below was clearly right and in accordance with the established law of this State.

(*Moore* v. *Moreschi,* 179 Misc. 475, 265 App. Div. 989, 291 N. Y. 81; Dangel & Shriber, Law of Labor Unions [1941], p. 192; *Local No. 7* v. *Bowen,* 278 F. 271; *Mayer* v. *Hansen,* 260 App. Div. 150, 285 N. Y. 832; *Klein* v. *Morrin,* 248 App. Div. 153, 273 N. Y. 553; *Bricklayers', Plasterers' & Stone Masons' Union* v. *Bowen,* 183 N. Y. S. 855, 198 App. Div. 967; *Polin* v. *Kaplan,* 257 N. Y. 277; *Nilan* v. *Colleran,* 283 N. Y. 84; *Reilly* v. *Hogan,* 32 N. Y. S. 2d 864, 264 App. Div. 855, 289 N. Y. 855.) II. Moreschi and the International Union cannot be separated in responsibility from Bove or Nuzzo for conditions in Local 17. They are all equally responsible for the consequences of their conduct. Moreschi and Bove were clearly empowered to act for the International. (*Moore* v. *Moreschi,* 179 Misc. 475, 265 App. Div. 989, 291 N. Y. 81.) III. The International cannot escape responsibility for the acts of Moreschi and Bove. (*Stewart* v. *Brooklyn & Crosstown R. R. Co.,* 90 N. Y. 588; *Dwinelle* v. *N. Y. C. & H. R. R. R. Co.,* 120 N. Y. 117; *Weed* v. *Panama R. R. Co.,* 17 N. Y. 362; *F. A. Bank* v. *F.-S. S. & G. S. F. R. R. Co.,* 137 N. Y. 231; *Jarvis* v. *Manhattan Beach Co.,* 148 N. Y. 652; *N. Y. & N. H. R. R. Co.* v. *Schuyler,* 34 N. Y. 30; *Birkett* v. *Postal Telegraph-Cable Co.,* 107 App. Div. 115, 186 N. Y. 591; *Wilmerding* v. *Postal Telegraph-Cable Co.,* 118 App. Div. 685, 192 N. Y. 580; *Morrisson* v. *Chapman,* 155 App. Div. 509; *Nowack* v. *Metropolitan St. Ry. Co.,* 166 N. Y. 433; *Stone* v. *Eisen Co.,* 219 N. Y. 205; *Boyce* v. *Greely Square Hotel Co.,* 228 N. Y. 106; *de Wolf* v. *Ford,* 193 N. Y. 397; *Aaron* v. *Ward,* 203 N. Y. 351.) IV. The acts of the defendants Moreschi, Bove and the International in taking over Local 17, superseding its duly elected officers, prohibiting membership meetings and abolishing elections and financial accountings to the membership were in flagrant violation of the International and local constitutions and were wholly illegal. (*Moore* v. *Moreschi,* 179 Misc. 475, 265 App. Div. 989, 291 N. Y. 81.) V. The conspiracy against Local 17 did not terminate on March 6, 1942, but continued to the institution of this action and the issuance of the injunction herein. VI. No errors were committed in the admission of evidence.

(*McGean* v. *Manhattan Railway Co.*, 117 N. Y. 219; *Burke* v. *Baker*, 188 N. Y. 561; *Forrest* v. *Forrest*, 25 N. Y. 501; *Clapp* v. *Fullerton*, 34 N. Y. 190; *Sweet* v. *Henry*, 175 N. Y. 268; *Misner* v. *Strong*, 181 N. Y. 163; *Robins D. D. & R. Co.* v. *Navigazione L. Triestina*, 261 N. Y. 455.) VII. The judgment is not too broad and indefinite.

*Per Curiam.* The limited injunction here granted against defendant International Union was appropriate and valid as a procedural device for furnishing adequate protection to plaintiffs. We affirm the judgment, as against defendant International Union, on that sole ground. So doing, we find it unnecessary to pass, and do not in any way pass, on the correctness of any of the findings of fact or conclusions of law which purport to decide, or imply, that defendant International Union, or its members (other than its International officers) are responsible or liable for any of the wrongs committed against plaintiffs by the other defendants.

The judgment should be affirmed, with costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, THACHER and DYE, JJ., concur; LEHMAN, Ch. J., deceased.

Judgment affirmed.